UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANGELA SEWELL and MILENA VITALI-CHAREWICZ, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 1:25-cv-10992-IT |
| ANNA JAQUES HOSPITAL, | * * * | |
| Defendant. | * | |

MEMORANDUM & ORDER

July 8, 2025

TALWANI, D.J.

Pending before the court is Plaintiffs Angela Sewell and Milena Vitali-Charewicz's Motion to Remand [Doc. No. 6] the present case to the Essex County Superior Court. For the reasons set forth herein and despite Plaintiffs' apparent gamesmanship, the motion to remand is GRANTED.

I.   Background

A.   *The Consolidated Action and Plaintiffs' Prior Actions*

This action arises out of a data breach incident that occurred in Defendant Anna Jaques Hospital's ("Anna Jaques") computer systems in December 2023.

In January 2024, the first putative class action lawsuit concerning the incident was filed in Massachusetts state court. Anna Jaques removed that action to this court on March 27, 2024. See Cabozzi v. Anna Jaques Hospital, No. 1:24-cv-10792-IT.

Between December 2024 and January 2025, seven additional class action complaints were filed in or removed to this court. On January 10, 2025, plaintiffs in those actions and the Cabozzi action filed a motion seeking to consolidate their actions and asking the court to appoint

interim lead counsel. See Mot. to Consolidate, In re Anna Jaques Hospital Data Security Incident Litigation ("In re Anna Jaques"), No. 1:24-cv-10792-IT [Doc. No. 39]. This court entered an order consolidating those actions into a single Consolidated Action on January 16, 2025. See Order Consolidating Related Actions, In re Anna Jaques, No. 1:24-cv-10792-IT [Doc. No. 42].

Meanwhile, on December 19, 2024, Plaintiff Angela Sewell filed a class action complaint in Massachusetts state court concerning the security incident and seeking to represent a class consisting of "[a]ll individuals whose Private Information was accessed and/or acquired by an unauthorized party in the Data Breach, including all who were sent a notice of the Data Breach." State Ct. Compl. ¶ 116, Sewell v. Anna Jacques Hospital, No. 1:25-cv-10234-IT [Doc. No. 1-1]. On December 26, 2024, Plaintiff Milena Vitali-Charewicz filed a class action complaint in Massachusetts state court concerning the security incident and seeking to represent the same class described in Sewell's complaint. See State Ct. Compl. ¶ 116, Vitali-Charewicz v. Anna Jaques Hospital, No. 1:25-cv-10236-IT [Doc. No. 1-1]. Both Sewell's and Vitali-Charewicz's counsel was Randi A. Kassan.

On January 30, 2025, Defendant removed the Sewell and Vitali-Charewicz actions to this court. See Notice of Removal, Sewell v. Anna Jacques Hospital, No. 1:25-cv-10234-IT [Doc. No. 1]; Notice of Removal, Vitali-Charewicz v. Anna Jaques Hospital, No. 1:25-cv-10236-IT [Doc. No. 1].

On February 5, 2025, this court ordered Plaintiffs Sewell and Vitali-Charewicz to file any objection to consolidating the present case with the Consolidated Action within ten calendar days. See Order, Sewell v. Anna Jacques Hospital, No. 1:25-cv-10234-IT [Doc. No. 5]; Order, Vitali-Charewicz v. Anna Jaques Hospital, No. 1:25-cv-10236-IT [Doc. No. 5].

On February 14, 2025, Sewell and Vitali-Charewicz each filed a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) dismissing their actions against Defendant Anna Jaques without prejudice. See Notice of Voluntary Dismissal, Sewell v. Anna Jacques Hospital, No. 1:25-cv-10234-IT [Doc. No. 7]; Notice of Voluntary Dismissal, Vitali-Charewicz v. Anna Jaques Hospital, No. 1:25-cv-10236-IT [Doc. No. 7].[1]

B.      *Plaintiffs' New Action*

On March 18, 2025, Plaintiffs Sewell and Vitali-Charewicz filed the instant complaint in Massachusetts state court. The complaint concerns the same December 25, 2025 data breach incident that was the subject of their earlier complaints (and the consolidated complaint pending in this court), but in this refiled action, Plaintiffs seek to represent a class of "[a]ll Massachusetts citizens whose Private Information was accessed and/or acquired by an unauthorized party in the Data Breach, including all who were sent a notice of the Data Breach." Compl. ¶ 127 [Doc. No. 1-1].

On April 16, 2025, Defendant Anna Jaques removed this action to federal court, asserting this court's jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d). See Notice of Removal [Doc. No. 1].

**II.     Discussion**

Under CAFA, federal courts have subject matter jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and in which minimal diversity exists, i.e. in which any class member is a citizen of a different state from any defendant. See 28 U.S.C.

---

[1] Defendant Anna Jaques alleges that, prior to Plaintiffs voluntarily dismissing their actions against Defendant, the parties engaged in jurisdictional discovery. See Opp. to Mot. to Remand 2 [Doc. No. 8].

3

§ 1332(d)(2)(A). Defendant does not dispute that there is not minimal diversity based on the face of Plaintiffs' complaint, as Defendant is a citizen of Massachusetts, and the putative class is defined to include only Massachusetts residents. However, Defendant argues that because the only substantive difference between Plaintiff Sewell's and Vitali-Charewicz's original actions—which were voluntarily dismissed after this court ordered Plaintiffs to show cause why their cases should not be consolidated with the pending consolidated action—and the newly filed action is the class definition, this court should consider Plaintiffs part of the putative nationwide class proposed in the Consolidated Action and find that minimal diversity exists. See Opp. to Mot. to Remand 4–9 [Doc. No. 8].

Defendant's argument relies on cases such as Simon v. Marriott Int'l, Inc., 2019 WL 4573415 (D. Md. Sept. 20, 2019), in which the court denied motions to remand actions involving claims entirely subsumed by pending actions over which the court had CAFA jurisdiction. See also Sanders v. Kia America Inc., 2023 WL 3974966, at *4 (C.D. Cal. June 13, 2023) (endorsing the approach of the Simon court). Cf. Haskins v. City of Hope National Medical Center, 2024 WL 3991195, at *3 (C.D. Cal. Aug. 28, 2024) ("There is nothing to suggest that Plaintiff's choice was solely for the purpose of avoiding consolidation with the other pending federal cases, or to manipulate the exercise of federal jurisdiction, like in the cases cited by Defendant in its NOR and Opposition.") (emphasis added). However, many courts have declined to follow the approach of the Simon court, noting the lack of textual support in CAFA for the approach and the general permissibility of pleading around federal court jurisdiction. See Karr v. Kansas City Life Ins. Co., 2020 WL 14034907, at *4 (W.D. Mo. Feb. 7, 2020) (rejecting the logic of Freeman v. Blue Ridge Paper Prods., Inc., on which Simon relies, and holding that the court could not exercise jurisdiction over a class consisting of Missouri citizens, where a different case pending

4

before the court involved the same claims but where the putative class excluded Missouri citizens); Achane v. Tolbert, 2023 WL 11772628, at *5 (E.D. Tex. Aug. 25, 2023) (rejecting Defendant's reliance on Simon where those cases were improperly premised on CAFA's legislative purpose and policy justifications rather than CAFA's statutory requirements).

Plaintiffs' refiling of their action as one seeking to represent only Massachusetts residents places the instant action outside this court's jurisdiction. The court recognizes that remand places a burden on the Defendant that Congress sought to avoid. Nonetheless, where a nationwide class has not yet been certified in the Consolidated Action, this court declines to depart from CAFA's text to find minimal diversity.

### III. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand [Doc. No. 6] is GRANTED. Plaintiffs' request for costs and fees is DENIED. No sooner than 30 days following this order, the clerk shall remand the case to Essex County Superior Court pursuant to Local Rule 81.1(c), (d).

IT IS SO ORDERED.

July 8, 2025                              /s/ Indira Talwani
                                          United States District Judge